Filed 12/11/24  P. v. Pierce CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARRY CARNELL PIERCE, JR.,<br><br>    Defendant and Appellant. | B337060<br><br>Los Angeles County<br>Super. Ct. No. KA130359 |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham and Sonia K. Govea, Judges.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Larry Carnell Pierce, Jr., appeals his conviction—following his no contest plea—for being a felon in possession of a firearm and for unlawful possession of ammunition.  Pierce's counsel has asked us independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm.

On May 21, 2022, around 11:30 p.m., California Highway Patrol Officer Anthony Carlevaro and his partner Officer Gribben were on the westbound 10 freeway, handling a traffic collision.[1]  A black motorcycle passed them "at a high rate of speed."  The officers got back into their patrol car and "accelerated to well over 100 miles an hour" "in an effort to catch up to the motorcycle."  The motorcycle was traveling 90 miles an hour and "fluctuated up to 98 miles an hour."

Officer Gribben activated the car's emergency lights and the motorcycle came to a stop.  The rider turned off the engine.  The officers approached the motorcycle—Carlevaro on the right and Gribben on the left.  Carlevaro asked the rider if he had any weapons.  The rider said he didn't.  Carlevaro told the rider to "step off the motorcycle" toward Gribben so Gribben could "pat him down for weapons."

The rider "began to lift his helmet as if he was going to take it off," "then he immediately dropped it," leaned forward, started the motorcycle "and revved the engine while he was trying to pick up the kick stand."  Carlevaro then "pushed the motorcycle over."  The rider "popped up and began running" across the highway.  The officers gave chase.  Carlevaro saw

---

[1]    As the case was resolved by a plea and did not proceed to trial, we take our statement of facts from the testimony given at the hearing on Pierce's motion to suppress evidence.

2

the rider "discard a black firearm." The rider ran about 10 more steps, then lay down on the ground.

Carlevaro identified Pierce as the motorcycle rider. According to Carlevaro, Pierce "was wearing bulky attire that could easily conceal weapons." The officers retrieved the firearm which was a black "Glock-style firearm"; it was loaded and had a 32-round magazine in the magazine well. When officers removed Pierce's jacket, there was a black holster across his chest and shoulder area with two more loaded 13-round magazines that fit the firearm.

The People charged Pierce with violations of Penal Code sections 29800, subdivision (a)(1) (felon in possession of a firearm) (count 1) and 30305, subdivision (a)(1) (unlawful possession of ammunition) (count 2). The People alleged Pierce had a prior strike for discharging a firearm at an unoccupied motor vehicle or uninhabited building in violation of Penal Code section 247, subdivision (b).

On December 26, 2023, Pierce's counsel filed a motion to suppress all evidence resulting from the traffic stop under Penal Code section 1538.5, including the officers' observations of Pierce, Pierce's statements, the Glock-type firearm, the magazines, and the holster. On February 29, 2024, the court conducted a hearing on the motion. Officer Carlevaro testified. The court denied Pierce's motion.

Later that day, Pierce pleaded open to the court. He pleaded no contest to both counts and admitted his strike prior. The court sentenced Pierce to one-third the midterm of eight months on each count, doubled because of his strike, to be served concurrently with one another and consecutively to a term

3

to which Pierce had been sentenced in another case, No. FWV22001050.

Pierce appealed. Pierce's counsel checked the box on the notice of appeal form that stated, "This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5."

We appointed counsel to represent Pierce in this appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court independently to review the record under *Wende, supra,* 25 Cal.3d 436. Counsel stated he had advised Pierce that he could file a supplemental brief within 30 days. On July 19, 2024, we sent a letter directing counsel to send the record of this appeal and a copy of his opening brief to Pierce, and noting Pierce could file a supplemental brief raising any contentions or arguments he wished this court to consider. We have not received any supplemental brief from Pierce.

We have independently reviewed the record and find no arguable issues. We are satisfied that Pierce's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra,* 25 Cal.3d at p. 441.)

**DISPOSITION**

We affirm Larry Carnell Pierce, Jr.'s conviction.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, Acting P. J.

We concur:

ADAMS, J.

HANASONO, J.*

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.